**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARIA PEDRO BALTAZAR; et al., | No.  20-72143 |
| Petitioners, | |
| v. | Agency Nos.   A208-599-344<br>A208-599-345<br>A208-599-346<br>A208-599-347 |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 16, 2022**
Pasadena, California

Before:  LEE and BRESS, Circuit Judges, and FITZWATER,*** District Judge.

Petitioners Maria Baltazar and her three minor children are natives and

citizens of Guatemala who came to the United States in 2015.  They tried to enter

---

    *      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    **     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

    ***    The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

without valid documentation and were placed into removal proceedings. Petitioners conceded removability but applied for relief in the form of asylum, withholding of removal, and protection under the Convention Against Torture (CAT). After the Supreme Court's decision in *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), Petitioners filed a motion to terminate their proceedings for lack of jurisdiction. An immigration judge (IJ) denied their applications and motion to terminate, and the Board of Immigration Appeals (BIA) dismissed their appeal. Petitioners timely sought this court's review. We have jurisdiction under 8 U.S.C. § 1252 and deny the petition for review.[1]

1. The immigration court had subject matter jurisdiction. A notice to appear (NTA) "that does not specify the time and place of an alien's initial removal hearing vests an Immigration Judge with jurisdiction over the removal proceedings . . . so long as a notice of hearing specifying this information is later sent to the alien." *Karingithi v. Whitaker*, 913 F.3d 1158, 1161 (9th Cir. 2019) (quotation omitted); *see also Aguilar Fermin v. Barr*, 958 F.3d 887, 895 (9th Cir. 2020) (holding that an NTA's failure to include the address of the immigration court also does not affect subject matter jurisdiction where subsequent notices provide that information). In this case, the Department of Homeland Security (DHS) served Petitioners with

---

[1] Petitioners abandoned their CAT claim before the BIA, and that claim is therefore not before us.

incomplete NTAs on October 29, 2015, but DHS afterwards served Petitioners on December 2, 2015 with notices of hearing that stated the date, time, and location of their hearing (which Baltazar attended in person). Thus, under *Karingithi* and *Aguilar Fermin*, jurisdiction properly vested in the immigration court.

2. Substantial evidence supports the BIA's determination that Petitioners failed to establish the required nexus for asylum or withholding of removal. *See Khudaverdyan v. Holder*, 778 F.3d 1101, 1106 (9th Cir. 2015). Applicants must establish a nexus between the persecution suffered and a protected ground, such as "race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A) (asylum); 8 U.S.C. § 1231(b)(3) (withholding of removal); *see Santos-Ponce v. Wilkinson*, 987 F.3d 886, 890 (9th Cir. 2021) ("[W]here 'there was no nexus at all,' we draw 'no distinction between the "one central reason" phrase in the asylum statute and the "a reason" phrase in the withholding statute.'" (quoting *Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017))).

There is no evidence in the record that Petitioners' membership in a protected group was a reason for their mistreatment in Guatemala. Baltazar testified that, shortly before she and her children departed for the United States, a masked man chased her son on his walk home from school, and, a week later, a seemingly different masked man chased her and her children out of their home with a machete.

Petitioners allege that they "are indigenous Mayan Guatemalans who live without the head of household" and that "they are targeted by people who want to hurt them, steal from them, and take their land." But Baltazar testified that she did not know who the men were or why they targeted her family. Her only surmise was that the first masked man wanted to kidnap or rape her son, but that speculation, even if credited, is not sufficient to establish a nexus. *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."); *see also Gormley v. Ashcroft*, 364 F.3d 1172, 1177 (9th Cir. 2004) (upholding no-nexus finding where there was "no evidence that the perpetrators victimized [the applicant] on account of his race as opposed to" being targeted for theft).

3. Petitioners have abandoned their argument that the agency "failed to act as a fact finder." Before the BIA, Petitioners "did not specify any indicia of bias" or explain how the IJ deprived them of a full and fair hearing. They make the same conclusory assertion without explanation here, so we decline to reach it. *Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996) ("Issues raised in a brief that are not supported by argument are deemed abandoned.").

Petitioners' claim that the agency failed to consider the U.S. Department of State's Country Report on Human Rights Practices for Guatemala is without merit.

4

There is nothing in the agency's decisions to suggest that it failed to consider all the evidence in the record. *Almaghzar v. Gonzales*, 457 F.3d 915, 922 (9th Cir. 2006). The IJ considered the merits of Petitioners' applications, even though he did not find Baltazar credible, and the BIA reviewed the IJ's findings of fact. Regardless, the Country Report does not compel the conclusion that Petitioners established a nexus between the harm suffered and a protected ground.

**DENIED.**